**FILED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 SECTION 2241

In the United States District Court

for the ___D.C.___ District of __Columbia__

————————————————— Division

RAFAEL CALISTO MORALES,

#59370-004 (B/A), FCI TALLADEGA _____ **Petitioner.**

PMB 1000, TALLADEGA, AL 35160

(Address or place of confinement and prison number. Full name which convicted under).

vs.

FEDERAL BUREAU OF PRISONS, et al.

565 E. RENFROE ROAD _____ **Respondent.**

TALLADEGA, AL 35160-4811

(Name of Warden or other authorized person having custody of petitioner)

Case: 1:07-cv-02341
Assigned To : Bates, John D.
Assign. Date : 12/26/2007
Description: Habeas Corpus/2255

## PLEASE COMPLETE THE FOLLOWING: (Check appropriate number)

This Petition concerns:

I.
a. _____ a conviction.

b. _____ a sentence.

c. _____ jail or prison conditions.

d. __XXXX_____ prison discipline.

e. _____ a parole problem.

f. _____ other.

1

Page 2

2.    Place of detention: Federal Correctional Institution, Talladega, Alabama

3.    Name and location of court which imposed sentence: U.S. District Court, Florida

4.    The indictment number or numbers (if known) upon which, and the offense or offenses for which sentence was imposed:

   (a)    99-303-CR-UNGARO-BENAGES

   (b)    3:01-CR-60-001/LAC

   (c)    _____

5.    The date upon which sentence was imposed and the terms of sentence:

   (a)    133 months of imprisonment

   (b)    57 months of imprisonment running consecutive to the 133 months.

   (c)    _____

6.    Check whether a finding of guilty was made:

   (a)    After a plea of guilty    XXXx

   (b)    After a plea of not guilty _____

   (c)    After a plea of nolo contendere _____

7.    If you were found guilty after a not guilty plea, check whether the finding was made by:

   (a)    A jury _____

   (b)    A judge without a jury _____

8.    Did you appeal from the judgment of conviction or the imposition of sentence?

                    ( X ) Yes                              ( ) No

9.    If you did appeal, give the following information for each appeal:

   a.    (1)    Name of Court    Eleventh Circuit Court of Appeals

         (2)    Result    Affirmed

Page 3

9.  a.      Continued

        (3)   Date of Result _____ N/A _____

        (4)   Citation or Number of Opinion _____

        (5)   Grounds raised (list each)

            (a) ___ Petitioner is not attacking his conviction or sentence

            (b) ___ in this §2241 motion. This §2241 is relevant to a prison

            (c) ___ discipline action launched by prison staff against

            (d) ___ petitioner.

    b.  (1)   Name of Court _____

        (2)   Result _____

        (3)   Date of Result _____

        (4)   Citation or Number of Opinion _____

        (5)   Grounds Raised (list each)

            (a) _____

            (b) _____

            (c) _____

            (d) _____

**CAUTION:** If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.S. Section 2255 in the federal court which entered the judgment.

10.  State **CONCISELY** every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Page 4

10.    Continued

    a.    **Ground One:** BUREAU OF PRISONS STAFF FABRICATED A CHARGE AGAINST THE PETITIONER FOR ALLEGED POSSESSION OF MARIJUANA: HOWEVER, WHEN HE PROVED THAT THE STAFF HAD LIED, THEY   COERCED   HIM TO SIGN A PAPER WRITTEN IN ENGLISH KNOWING THAT PETITIONER IS ILLITERATE, CHANGING THE ALLEGED CHARGE OF MARIJUANA TO POSSESSION OF A WEAPON, ALL IN PETITIONER'S DUE PROCESS RIGHTS AND PROCEDURAL REQUIREMENTS.

**Supporting FACTS** (tell your story **BRIEFLY** without citing cases or law).

**CAUTION:** You must state facts, not conclusions in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

Please see annexed Memorandum of Law in support of this motion for detailed facts, evidence, and case law in support of this motion.

B.    **Ground Two:** _____

_____

_____

**Supporting FACTS** (tell your story **BRIEFLY** without citing cases or law).

_____

_____

_____

_____

_____

Page 5

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

I am not attacking my conviction or sentence, but a disciplinary action

initiated by BOP staff by ill-gotten mechanisms all in violations of my

due process rights and procedural requirements established in Wolff v.

MacDonnell.

14. Are you presently represented by counsel? ( ) Yes (x) No

If so, name, address and telephone number: _____

_____

Case name and court: _____

15. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?

I'm forwarding the $5.00 filing fee to the office of the clerk.

( ) Yes                              (X) No

WHEREFORE, Petitioner prays that the court grant Petitioner relief to which he may be entitled in this proceeding.

Signed this _10_ day of ___December___, ~~1998~~ 2007

_Rafael Calisto Morales_
Petitioner

Rafael Calisto Morales
59370-004 (B/A)
FCI Talladega, PMB 1000
Talladega, AL 35160

Page 6

# DECLARATION

I,   Rafael Calisto Morales, pro se   , declare under penalty of perjury that I have read and subscribe to the above and state that the information contained herein is true and correct to the best of my knowledge.

Executed: This 10 day of December                  , 2007, at the location of FCI

Talladega, PMB 1000, Talladega, AL 35160


_Rafael C. Morales_
**Petitioner's Signature**
Rafael Calisto Morales


   N/A
**Signature of Attorney (if any)**
**Address of Attorney:**

_____

_____

_____

_____

Telephone:_____

Fax Number:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAFAEL CALISTO MORALES,

        Petitioner,

-vs-

FEDERAL BUREAU OF PRISONS, et al.;
D.B. DREW, Warden; D. TURNER,
Lieutenant; L. PAUL, SIS Tech.;
W. DAVIS, Lieutenant; T. ATKINSON,
Correctional Counselor; TAFT,
Correctional Officer; MYRICK,
Lieutenant; THOMPSON, SIA
Lieutenant; H. MITCHELL, DHO
Officer; R. BRUMMETT, UDC
Chairman; MELA, Correctional
Officer; R. SALAZAR, Lieutenant;
REGIONAL DIRECTOR FOR BOP; HARRELL
WATTS, Administrator National
Inmate Appeals; and OTHER UNKNOWN
BOP OFFICERS.

        Respondents.

CASE NO. _____

_____/

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28
U.S.C. SECTION 2241, BY A PRISONER IN FEDERAL CUSTODY

    I.   INTRODUCTION:

Petitioner Rafael Calisto Morales (hereinafter "Morales"), proceeding pro se, in this cause, is a federal prisoner incarcerated in the Federal Correctional Institution in Talladega, Alabama, and he is under the custody and care of the Federal Bureau of Prisons ("BOP"), serving 190 months of imprisonment arising from convictions of the Federal District Court of Florida.

1

07 2341
FILED

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The respondents named in this cause are all employees of the BOP, who independently or in collusion with each other conspired and confederated to fabricate false charges against Morales. They will be named hereinafter either independently by their names or generally named as BOP.

II. JURISDICTION:

The Justices of United States District Court for District of Columbia have power to issue writs of habeas corpus pursuant to 28 U.S.C. §2241. See Downey v. United States, 67 App DC 192, 91 F2d 223 (D.C.App. 1937). And, because Morales is not challenging his criminal conviction or sentence, but a prison disciplinary ill-action of the BOP staff, this motion is properly before this Forum.

Furthermore, albeit Morales was convicted and sentence in the U.S. District of Florida, and he is incarcerated in a BOP prison within the U.S. jurisdiction of the District Court in Alabama, Morales asks this Court for the District of Columbia to retain jurisdiction on this cause wherein this motion is filed, and to exercise its discretion and in furtherance of justice in that Morales contends the U.S. District Court of Alabama cannot make a fair and just decision in this case because said court appears to be tainted with the influence of the BOP employees of the prison in FCI-Talladega. Hence to avoid the appearance of inappropriaty by the district court in Birmingham, Alabama, Morales prays that this Honorable Court accepts this motion and that this motion be filed by the Clerk's office in this Court for disposition and order on the grounds and relief sought herein.

III. PRECIS OF THE CASE:

On November 4, 2006, Correctional Officer Taft ("C/O Taft"), and

2

another female officer (name unknown), thru the tip of a Confidential Informant ("C/I"), raided Morales' cell B04-12 of unit Beta A. After approximately 15 minutes of ransacking the cell, the officers said that they had found 3 suspicious packages inside the towel holder and a box cutter blade. After opening one of the small packages a green/brown leafy substance was allegedly found. The substance was turned over to Lt. J. Myrick, at 6:00 pm (the officers claimed they found the packages in the cell approximately 5:43 pm). The substance was tested by Lt. J. Myrick using the MIK test Kit E Lot control number 0237E. According to Lt. Myrick's testimony and report, the test resulted in a positive reading for marijuana. Lt. Myrick conducted a second test at 6:23 pm, using a NIK test Kit E from Lot Control No. 0109-6 and the test was positive (again) for marijuana.

Morales and his cell-mate, Jose Agosto, were immediately placed in the Special Housing Unit ("SHU" akak "hole"). An incident report was issued against Morales alleging that he had violated Code 113: Possession of Any Narcotic Not Prescribed for the Individual by Medical Staff. **Exhibit A.**[1]

Thru Morales' requests filed pursuant to the Freedom of Information Act, and Privacy Act ("FOIA/PA"), he discovered evidence that had not been released to him by the BOP employees in FCI-Talladega that concocted the possession of marijuana charges against Morales. According to the information released by Jeff Campbell, Supervisory Attorney for the BOP, Southern Regional Office in Atlanta, Georgia, the alleged evidence found by C/O Taft and the other female officer was "tobacco" and not marijuana. **Exhibit B.**

---

1.    It is noted that Morales was never charged with or for the alleged box cutter blade that the CO's conducting the search presumptively found inside the towel holder.

Subsequently, Lt. Thompson conducted a third test with the NIK test Kit E of the substance in the packages allegedly found in Morales' cell, and Lt. Thompson reported that Lt. Myrick's two prior tests were wrong, and that the substance did not test positive for marijuana. **Exhibit C.**

On September 20, 2006, Disciplinary Hearing Officer ("DHO") Mitchell approached to Morales' cell in SHU and made him sign a Memorandum. Morales signed it without knowing what the Memorandum was all about. Morales is illiterate and does not speak one iota of English. The Memorandum was to change the original charges for Code 113 violation ("the marijuana"), for a Code 104: Possession, Manufacture, or Introduction of a Weapon, Sharpened Instrument. **Exhibit D.**

A DHO hearing was conducted on September 27, 2006, and on November 17, 2006, a final Incident Report and Sanctions was issued against Morales: DHO took 40 days of Morales' good time; plus additional 50 days of Disciplinary punishment in the hole; Loss of Commissary Privilages. He also lost his room and job. **Exhibit E.**

Morales appealed the Incident Report and its sanctions (I/R), to the Regional Office, BP-10, Case No.434888-R1, and the Regional Director denied his appeal. **Exhibits F & G.**

Morales filed an appeal to the BOP Central Office in Washington, D.C. Appeal No. 434888-A1, and Harrell Watts, Administrator National Inmate Appeals denied Morales BP-11. **Exhibits H & I.**

Morales also sent several Inmate Requests to Staff asking for information and evidence from the officers engaged in this case to furnish Morales with all data pertaining to the fabrication of this charge, all to

4

no avail. The officers gave Morales the run around, passing on the bucket to the next officer, and they [officers] never responded to Morales legal requests. **Exhibit J.**

Morales is wholly innocent of all the charges fabricated by the respondents, and he has maintained his innocence by strongly denying the charges. Moreover, DHO Mitchell's deceiving actions to make Morales sign a document written in English to change from the false marijuana charges to a weapon charges, knowing that Morales is illiterate and does not understand one iota of English only reeks of fraud and treachery, and violates Morales due process and constitutional rights. They never showed him any evidence.

Morales remains incarcerated at FCI-Talladega. This §2241 motion ensues these proceedings.

IV.    <u>INCORPORATION BY REFERENCE</u>

Morales respectfully moves this Honorable Court to consider the facts, arguments and evidence stated within his 28 U.S.C. §2241 and in his Administrative Remedy Procedure annexed herewith as if set forth <u>in toto</u> in his Memorandum of Law.

V.    <u>MEMORANDUM OF LAW AND CITATION OF AUTHORITY</u>

Morales contends that base on the facts and events that transpired in this case, the respondents conspired and confederated in collusion with each other to fabricate false charges against Morales, and their abuse of authority as federal employees was used to concoct outrageous violations of Morales' due process rights and procedural requirements established by the constitution and the Supreme Court of the United States.

5

I

BUREAU OF PRISONS STAFF NAMED IN THIS MOTION FABRICATED A CHARGE AGAINST PETITIONER FOR ALLEGED POSSESSION OF MARIJUANA; HOWEVER, WHEN HE PROVED THAT THE STAFF HAD LIED IN THE REPORT, THE STAFF TRICKED PETITIONER TO SIGN A PAPER WRITTEN IN ENGLISH KNOWING THAT PETITIONER IS ILLITERATE AND DOES NOT UNDERSTAND ENGLISH, THUS CHANGING THE MARIJUANA CHARGES TO A POSSESSION OF A WEAPON, ALL IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS AND PROCEDURAL REQUIREMENTS UNDER THE CONSTITUTION AND RULINGS OF THE UNITED STATES SUPREME COURT.

C/O Taft alleged in an Incident Report (I/R) that he wrote on September 4, 2006, that he found three suspicious packages inside the towel holder and a box cutted blade inside Morales' cell. **Exhibit A.** The substance was turned over to Lieutenant J. Myrick, who took the three packages to the Lieutenant's office. Lt. Myrick tested the substance using the NIK test Kit E. He tested the substance twice, and both times the substance tested positive for marijuana. Id at ¶11. Morales was taken to SHU pending investigation. Morales denied all charges because he does not use drugs. A result of his requests for FOIA/PA disclosed that Myrick knew before hand that it had been reported to the Central Office in Washington that the alleged charge was due to Morales' possible involvement with tobacco. **Exhibit B.** However, a third test conducted by SIA Lieutenant Thompson of the alleged substance found in Morales' cell, which Myrick swore it was marijuana, turned out to be only a hoax. **Exhibit C.** Notwithstanding the above, the BOP staff held Morales in SHU for circa five months.

To cover up these fallacious charges imputed against Morales for non-existent drugs by C/O Taft and Lt. Myrick, DHO Mitchell, approached to Morales' assigned cell in SHU and made him sign a paper. **Exhibit D.** Morales did not know what the paper says because he is illiterate and does not speak

6

one iota of English. DHO Mitchell was well aware that Morales had had a translator at all previous times he had been interrogated by prison staff; however, Mitchell this time did intentionally and with premeditated malice approach to Morales' cell in SHU without an interpreter. Mitchell showed Morales a paper thru the cell's feeding slot, and with intimidating screaming commands yelled and pointed at the paper making gestures at Morales to sign it. Morales did not know what the paper says, he felt coerced and intimidated, and this, couple with the inhumane conditions in which Morales was housed in SHU, made him temporarily mentally impaired to understand the collateral consequences of signing this paper, which turned out to be the infamous memorandum that Mitchell used to cunningly change the first bogus charge of possession of marijuana--which was false to begin with--to a more severe charge for Code 104: violation of possession, manufacture or introduction of weapon, sharpened instrument, knife. **Exhibit D.**[2]

Morales asserts that he signed the memorandum (Exhibit D), under coercion and intimidation, and unknowingly, involuntarily, and unintelligently. Moreover, DHO Mitchell failed to comply with mandatory

---

2.    SHU reeks all the time of feces and urine which is accumulated in the commodes for long periods of time because inmates cannot flush the toilets, and they have to wait until one of the officers come, at their whim, to flush the toilets from the outside of the cell. Inmates have to drink the nauseating water from the sinks to quench their thirst, and the cells in SHU are infested with insects, parasites and vermin. It is terribly overcrowded, and Morales had to share a 8'x12' cell that is built for one prisoner, with two or three more inmates, who had to sleep, eat, and dwell on the floor and close to the stenchs of the toilet. Morales had to endure for circa five months a dire inhumane condition and violations of human rights condemned by International Law of Human Rights of Prisoners against torture.

law pursuant to 28 CFR §542.15(b) which reads:

> "Wardens **shall** ensure that assistance is available for inmates who are illiterate, disabled, or who are not functionally literate in English. Such assistance includes provision of reasonable accommodation in order for an inmate with disability to prepare and process a Request or an Appeal."

When prison regulations contain language of mandatory nature (shall, will, must), they are interpreted as creating a protectible liberty interest. Hall v. Lombardi, 996 F2d 954, 958 (CA8 1993). Hence, in this case a reasonable officer would have understood that he/she was violating Morales' rights. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). 28 CFR §542.15(b) created a liberty interest to provide Morales who is illiterate in the English language the assistance of an interpreter to read, translate, and explain the exponential consequences of signing the memorandum. There are many Supreme Court cases that support the "general well-developed legal principle" that regulations which contain "particularized substantive standards or criteria that guide the exercise of discretion by penitentiary officials" create a protectible liberty interest. See Greenholtz v. Inmates of Neb. Penal & Correct. Complex, 442 U.S. 1, 11-12 (1979); Vitek v. Jones, 445 U.S. 480, 488-90 (1980); Hewitt v. Helms, 459 U.S. 460, 471-72 (1983).

Furthermore, Morales contends that, since the original incident report was a legal nullity, and the officials could not hold him in SHU any longer, nor could they charge him with the non-existing marijuana, the officers had to fabricate a new charge to cloak their illegal detention of Morales in SHU, hence the memorandum in English. DHO Mitchell's failure to provide Morales with either an interpreter (FCI-Talladega has plenty of Spanish speaking officers), or the memorandum translated to Spanish, violated his

8

due process. The reports and statements are given in English only. Morales cannot speak English and he does not understand the notes, statements, or memorandums given to him in English, nor did he understand what went on with the memorandum of September 20, 2006 (Exhibit D).

Albeit prison officials' responsibility to provide comprehensible notice to Spanish speaking inmates was not dealt with directly by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), the Court's treatment of illiterate inmates is instructive. The Court required prison officials to provide an opportunity for aid to such inmates in understanding the written communications and aiding her at the hearing. 418 U.S. at 570. The emphasis was on enabling the inmate to comprehend the case so that she is able to collect and present evidence. These conditions are equally pressing in the situation currently before this Court. Because Morales, a Spanish speaking inmate cannot understand nor communicate with the officers, he was denied the due process protection guaranteed in Wolff, and 28 CFR §542.15(b).

Therefore, since Morales' due process has been violated, because he could not read or understand the memorandum, and DHO Mitchell failed to either bring an interpreter or to give Morales a copy of the memorandum translated to Spanish, the incident report should be reversed and expunged, and the sanctions born from this ill-gotten incident report should be reversed. Due to the memorandum's illegality, the I/R cannot stand.

In another vein, Morales' due process rights were also violated because, albeit Morales insistently requested to be provided with copies of the documented evidence (marijuana, marijuana results from the three test

9

Kits; photos of the alleged box cutter found inside the towel rack; and disclose of the anonymous notes dropped on him and the right to interview and impeach the confidential informant), the prison officials failed to provide it to Morales to prepare his defense, all in violation of procedural requirements established in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564, and its progeny. <u>Wilson v. Jones</u>, 430 F3d 1113 (CA10 2005).

## CONCLUSION

Based upon the foregoing the Petitioner Rafael Calisto Morales, hereby respectfully moves this Honorable Court to issue an Order against the Respondents to reverse and expunge the Incident Report instituted against him in violations of his due process and constitutional rights, that the sanctions impinged against him based on the ill-gotten and false incident report be reversed and all his rights be restored, and that this Honorable Court issue a Declaratory Judgment against the respondents. Morales also prays for any other relief the Court deems to be just and proper in the interest of justice and equitable application of the law.

## VERIFICATION

I hereby verify that the facts, allegations, evidence set forth in this Memorandum of Law are true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. §1746.

Respectfully submitted this 10 day of December, 2007.

Rafael Calisto Morales
Pro Se Petitioner

10

## CERTIFICATE OF SERVICE

I hereby certify that one original and two copies of this motion were mailed first class mail postage prepaid, to:

United States District Court
District of Columbia
Office of the Clerk
3rd & Constitution Ave. N.W.
Washington, D.C. 20001

Executed this 10th day of December, 2007, pursuant to 28 USC §1746.

Rafael Calisto Morales
#59370-004 (B/A)
FCI Talladega
PMB 1000
Talladega, AL 35160

11

---

**1. NAME OF INSTITUTION**

FCI Talladega

**PART I - INCIDENT REPORT**

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| Morales, Rafael | 59370-004 | 09/04/06 | 5:45 PM |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Beta A 04-12 | ord bu | Beta A |

| 9. INCIDENT | 10. CODE |
|---|---|
| Possession of Any Narcotic Not Prescribed for the Individual By Medical Staff. | 113 |

**11. DESCRIPTION OF INCIDENT** (Date: 09/04/06  Time 5:45 PM  Staff became aware of Incident)

On 09/04/06 at approximately 5:43 PM while conducting a shake-down of cell B04-12 of unit Beta A, I found 3 suspicious packages inside the towel holder and a box cutter blade. Inmate Agosto Reg. No. 23895-069 and Morales Reg. No. 59370-004 are assigned to cell B04-012. After opening one of the small packages a green/brown leafy substance was found. The substance was turned over to Lt.J. Myrick at 6:00pm and the packages were taken to the Lieutenants office . At 6:10 PM the substance was tested by Lt. J. Myrick using the NIK test kit E Lot control number 0237E. The test resulted in a positive reading for marijuana. A second test was conducted at 6:23 PM using a NIK test Kit E from Lot control number 0109-6 and test was positive for marijuana.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME 09/04/06 7:04PM | 13. NAME AND TITLE (PRINTED) Taft, Mark   C.O. |
|---|---|---|
| *Mark Taft* | | |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| *W.Tatb* | 9-5-06 | 1:00PM |

**Part II - Committee Action**

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

| 18. A. It Is The Finding Of The Committee That You: _____ Committed The Following Prohibited Act. _____ Did Not Commit A Prohibited Act. | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

**19. Committee Decision Is Based On The Following Information**

07 2341
**FILED**
DEC 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**20. Committee action and/or recommendation if referred to DHO** (Contingent upon DHO finding inmate committed prohibited act)

**21. Date And Time Of Action** _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

| Chairman (Typed Name/signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate After UDC Action;
Copy - Inmate Within 24 Hours Of Part I Preparation      Replaces BP-288(52) Of Jan 88

BP-S308.052  ADMINISTRATIVE DETENTION ORDER
U.S. DEPARTMENT OF JUSTICE                                         FEDERAL BUREAU OF PRISONS

                                                        FCI TALLADEGA, ALABAMA
                                                            Institution

                                            Date/Time: September 4, 2006/8:57p.m.
TO:    Special Housing Unit Officer

FROM: ___D. Turner,Lieutenant_____, (Name/Title)

SUBJECT:  Placement of _Morales, Rafael(Beta)____ Reg.No._59370-004_ in Administrative Detention

_____  (a) Is pending a hearing for a violation of Bureau regulations;
_____  (b) Is pending investigation of a violation of Bureau regulations;
_____  (c) Is pending investigation or trial for a criminal act;
___XXX____   (d) Is to be admitted to Administrative Detention

          _____(1) Since the inmate has requested admission for protection;

     I hereby request placement in Administrative Detention for my own protection.

       Inmate Signature/Register No.: _____

       Staff Witness Printed Name Signature: _____

          _____(2)    Since a serious threat exists to individual's safety as perceived by staff,
                          although person has not requested admission; referral of the necessary
                          information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or
_____ (g) Is determinating confinement in Disciplinary Segregation and has been ordered into
            Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued
presence in the general population poses a serious threat to life, property, self, staff, other
inmates, or to the security or orderly running of the institution because*

YOU ARE BEING PLACED IN ADMINISTRATIVE DETENTION FOR POSSESSION OF NARCOTICS THIS TYPE OF BEHAVIOR
CREATES A DISRUPTION OF THE FACILITY AND JEOPARDIZE THE SAFETY OF STAFF AND INMATES.  THIS BEHAVIOR
WILL NOT BE TOLERATED.

Therefore, the above named inmate is to be placed in Administrative Detention until further notice.
The inmate received a copy of this Order on (date/time)_September 4, 2006/8:57p.m._____

Staff Witness Signature/Printed Name_L. Paul, SIS Tech./_____Date_September 4, 2006_

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will
make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy -
Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy -
Central File

(This form may be replicated via WP)

                                                        Replaces BP-308(52) of JAN 88

03/20/2007  18:01  (b)(2)Low                    FCI TALLADEGA SIS                    PAGE  05

BP-S740.052  **REQUEST FOR INMATE TELEPHONE RESTRICTION**  CDFRM
JAN 02
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

INSTRUCTIONS: This form is used by staff to request the Warden's approval to impose a telephone
restriction in accordance with the policy on Telephone Regulations for Inmates.  This form is used when
the telephone restriction requested relates to the inmate's PSF - Serious Telephone Abuse, or a pending
investigation or disciplinary action for possible telephone abuse.  A telephone restriction for one of
these purposes must be necessary to protect the safety, security, or good order of the institution, or
to protect the public.  A telephone restriction imposed pending investigation or disciplinary action
for possible telephone abuse is limited to 30 days duration and must be renewed at the end of the 30
day period, or be automatically discontinued by Trust Fund Branch staff.  Inmates dissatisfied with the
Warden's decision may appeal through the Administrative Remedy Program.

| Inmate's Name | Reg. No. | Institution |
|---|---|---|
| Morales, Rafael Calisto | 59370-004 | FCI Talladega, AL |

**Part I - Request for Telephone Restriction** (For the following reason(s) insert a brief
description)

On 04 September, 2006, Inmate Morales, Rafael Calisto, Register Number 59370-004, was
placed in the Special Housing Unit pending a SIS investigation for his possible
involvement in the Introduction of Contraband (tobacco) inside the secure confines of
FCI Talladega.

(b)(5)

The above-named inmate is recommended for the following telephone restriction; insert
description and termination date, if applicable:

(b)(5)

| Requesting Staff Member's Name (Printed and Signature) | Title | Date Signed |
|---|---|---|
| C. Thompson | Special Investigative Agent | 07 September, 2006 |

**Part II - Warden's Consideration:** the telephone restriction requested is (check one):

| ☐ APPROVED | Warden's Signature | Date Signed |
|---|---|---|
| ☐ DENIED | | |

**Part III - Distribution** - A copy of this form was delivered to the inmate on the date
of:

By: Delivering Staff Member's Printed Name and Signature

Original - Inmate; Copy - Trust Fund Section;  Copy - Inmate Central File, Section 3, unless FOI Exempt
(This form may be legibly handwritten or printed)

(This form may be replicated via WP)

**FILED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 2341

BMX 1330.13C
August 6, 1993
Attachment A

## Documentation of Informal Resolution Attempt

Bureau Of Prisons Program Statement No. 1330.13, Administrative Remedy Program, requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

MORALES, Rafael
_____
Inmates Name

59370-004
_____
Reg. No.

B/A
____
Unit

FCI-Talladega
_____
Institution

Specific Complaint and Requested Relief: I sent the originals of the attached cop-outs to Ms. Thompson, SIA, Lieutenant's Office. However, to this date, she has not responded to any of them. I timely response is required to comply with the Administrative Remedy Procedures' exhaustation before filing the grievance in court. This unnecessary and inordinary delay truncates my meaningful access to obtain a prompt relief either at BOP level or in court.

Dated this 5th day of February, 2007.

Efforts Made By Inmate To Informally Resolve Grievance: See attached seven (7) cop-outs.

Counselor's Comments: YOU MAY WRITE THE FOLLOWING ADDRESS TO OBTAIN THIS INFORMATION: FOI/PA Scetion
Federal Bureau of Prisons
320 First St. NW
Washington, DC 20534

_____
Counselor's Signature

2-25-07
_____
Date

February 26, 2007

Rafael Morales
#59370-004(B/A)
FCI-Talladega
PMB 1000
Talladega, AL 35160

FEDERAL BUREAU OF PRISONS
GENERAL DIRECTOR
FOI/PA SECTION
WASHINGTON, D.C. 20534

RE:    Request for information under FOIA/PA.

Dear General Director:

Since November 12, 2006, I have been trying to obtain information from the BOP employees in FCI-Talladega, that is necessary and relevant to my defense of an Incident Report. Said employees have been giving me the run around excuses. On February 25, 2007, I was informed that I may write to you to obtain this information.

Pursuant to the applicable rules and regulations set forth in Title 5 USC §552 et seq., I hereby request that you please furnish me with the information I am requesting in the annexed Administrative Remedy Procedures (ARP), which (ARP) are adopted herein in toto as part of this request. See United States Dept. of Justice v. Julian, 486 U.S. 1 (1988)(Mandate of FOIA calls for broad disclosure of federal government records so that federal agency must disclose all available agency records unless said records may be withheld pursuant to one of enumerated exemptions listed in statute).

I hereby certify and verify that I am the petitioner, and that this request is submitted under the provisions set forth un 28 USC §1746.

Respectfully submitted this 26th day of February, 2007.

*Rafael Morales*
Rafael Morales

encls (8).



**U. S. Department of Justice**

Federal Bureau of Prisons

Southeast Regional Office

*Bldg 200*
*3800 Camp Creek Parkway, SW*
*Atlanta, GA 30331-6226*

March 30, 2007

Rafael Morales
Reg. No. 59370-004
FCI Talladega
PO Box 1000
Talladega, AL 35160

Re:  Freedom of Information Request No. 07-04077

Dear Sir:

This office processes FOIA requests for the Southeast Regional Office.   This is response to your request for records which are maintained by the Bureau of Prisons.  Specifically, you request a copy of all documentation regarding an Incident Report you received.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records have been reviewed and processed at this office.  We have received 13 pages responsive to this request.  Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), wherein certain portions of the records withheld in full are exempt from disclosure to you under the following exemptions:

- (b)(2) - **Exempts from mandatory disclosure records relating to the internal rules and practices of an agency.**

- (b)(5) - **Exempts information intended for staff use only which would inhibit frank communication between prison officials and includes  inter- or intra-agency correspondence which would not be available to a party other than a party in litigation with the agency**

- (b)(7)(c) - **Exempts from disclosure records or information compiled for law enforcement purposes which would constitute a clearly unwarranted invasion of personal privacy surrounding other individuals.**

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied may be appealed to the Assistant Attorney General, by filing a written appeal within 60 days from the date of this letter. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal," and should be addressed to the Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530.

Sincerely,

Jeff Campbell
Supervisory Attorney
PO Box 1029
Coleman, FL 33521

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

R. Salazar, Lieutenant, was utilized as an interpreter.

The DHO found that on or about September 4, 2006, you committed the prohibited act of Code 104, Possession, Manufacture, or Introduction of a Weapon or Sharpened Instrument. The finding is based on the written statement of M. Taft, Correctional Officer, that on September 4, 2006, at approximately 5:43 p.m., while conducting a search of your assigned cell (B04-12), he found three suspicious packages inside a towel holder and a box cutter blade.

The DHO relied upon as evidence the electronic mail message from Ms. Thompson, which states the substance in the packages was tested with the NIK test kit E, but did not test positive for marijuana.

You denied the charge and stated you did not know anything about the weapon/sharpened instrument. You said anyone could have put it there. You said you had been in the room for approximately a year. You said you think someone wanted the room and may have put it there.

Based on the greater weight of the evidence, which is the written statement of the reporting officer, the DHO finds you committed the prohibited act of Code 104, Possession of a Sharpened Instrument. The finding is based on some facts, which is the written statement of Mr. Taft, that on September 4, 2006, he found a box cutter blade inside a towel holder. You denied the charge and stated you did not know anything about the weapon.

The DHO considered your statement, but found the statement of the reporting officer to be more credible. Specifically, Mr. Taft states he found a box cutter blade in the towel holder in cell B04-12. This was your assigned cell. You said it did not belong to you, however, the DHO believes you knew about the box cutter blade, but did not want to accept responsibility for your actions. Although you said you did not know about the weapon, it was found in the common area of the room, and you are responsible for items found in your room. It is your responsibility to ensure your room is free of contraband. Additionally, you are aware that having a weapon is not allowed as you had been incarcerated long enough to know the rules and regulations of the institution. The box cutter blade could cause serious injury to someone if used. Also, you provided no evidence that you did not know anything about the weapon. Furthermore, staff have no reason to lie about the incident.

The DHO believes the written report, and the evidence presented provides some evidence to indicate you committed the prohibited act.

You were originally charged with Code 113, Possession of any narcotic not prescribed for the individual by medical staff. After the substance was tested by the SIA and did not test positive for drugs, the charge was changed to Code 104, Manufacture or introduction of a weapon, sharpened instrument, knife, as the box cutter was also found in the cell. You received a copy of the incident report with the change on September 25, 2006.

| | | | | | | |
|---|---|---|---|---|---|---|
| Disallow Good Conduct Time | | 40 | | Y/N | N | N/A |
| Disciplinary Segregation | | 50 | | Y/N | N | |
| Loss of Commissary Privileges | | 180 | | Y/N | N | N/A |
| Previously suspended sanction being executed | Yes | | No | XX | Report # | N/A |

**FILED** DEC 2007

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sensitive - Limited Official Use
Page 3 of 4

07 2341



UNITED STATES GOVERNMENT

## MEMORANDUM

**FEDERAL CORRECTIONAL INSTITUTION**
**565 E. RENFROE ROAD**
**TALLADEGA, ALABAMA 35160**

**DATE:** September 20, 2006

**REPLY TO**
**ATTN OF:** *H Mitchell*
H. Mitchell, Discipline Hearing Officer

**SUBJECT:** Incident Report #1509381

**TO:** Morales, Rafael, Reg. No. 59370-004

On September 4, 2006, you received an incident report for Possession of Any Narcotics or Paraphernalia, not Prescribed by Medical Staff, Code 113. After reviewing section 11 of the incident report, as well as receiving additional information, the charge has been changed to Possession, Manufacture, or Introduction of a Weapon, Sharpened Instrument, Knife (Code 104), as this is the more appropriate charge. The change has been made in Sections 9 and 10 to reflect this and section 11 of the report will remain the same.

*Recd memo a copy of incident report*
*9/25/06 @ 2:25 pm    Mitchell*

*Rafael Morales*
*59370 004*

07 2341

**FILED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FEDERAL BUREAU OF PRISONS

## PART I - INCIDENT REPORT

| 1. NAME OF INSTITUTION |
|---|
| FCI Talladega |

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| Morales, Rafael | 59370-004 | 09/04/06 | 5:45 PM |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Beta A 04-12 | ord bu | Beta A |

9. INCIDENT ~~Possession of Any Narcotic Not Prescribed for the Individual By Medical Staff~~ Manufacture, or Introduction of A Weapon, sharpened instrument, Knife 10. CODE 113 104

11. DESCRIPTION OF INCIDENT (Date: 09/04/06  Time 5:45 PM  Staff became aware of Incident)

On 09/04/06 at approximately 5:43 PM while conducting a shake-down of cell B04-12 of unit Beta A, I found 3 suspicious packages inside the towel holder and a box cutter blade. Inmate Agosto Reg. No. 23895-069 and Morales Reg. No. 59370-004 are assigned to cell B04-012. After opening one of the small packages a green/brown leafy substance was found. The substance was turned over to Lt.J. Myrick at 6:00pm and the packages were taken to the Lieutenants office. At 6:10 PM the substance was tested by Lt. J. Myrick using the NIK test kit E Lot control number 0237E. The test resulted in a positive reading for marijuana. A second test was conducted at 6:23 PM using a NIK test Kit E from Lot control number 0109-6 and test was positive for marijuana.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (PRINTED) |
|---|---|---|
| *Mark Taft* | 09/04/06 7:04PM | Taft, Mark   C.O. |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| *W/Ars* | 9-5-06 | 1:00pm |

### Part II - Committee Action

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT Inmate states that it wasn't his, he is to old to smoke drugs. (Officer Melm was used as an Interpreter.

18. A. It Is The Finding Of The Committee That You:
_____ Committed The Following Prohibited Act.

_____ Did Not Commit A Prohibited Act.

B. ✓✓ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.

C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information: Based on the body of the incident report and supporting memo.

07 2341

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act) if found guilty by the DHO, the UDC recommends: Max D/S, Loss of GCT, Loss of commissary, Loss of visitation, Loss of phone

21. Date And Time Of Action 9-7-06  1415 (The UDC Chairman's Signature His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

FILED
DEC 2 6 2007

R. Brummitt /R. Brummitt
Chairman (Typed Name/signature)

T. Atkinson
Member (Typed Name)

_____
Member (Typed Name)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate After UDC Action;
Copy - Inmate Within 24 Hours Of Part I Preparation      Replaces BP-288(52) Of Jan 88

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FCI Talladega | INCIDENT REPORT NUMBER | | 1509381 | |
|---|---|---|---|---|---|
| INMATE NAME | Morales, Rafael | REG NO | 59370-004 | UNIT | Beta A |
| DATE OF INCIDENT | September 4, 2006 | DATE OF INCIDENT REPORT | | September 4, 2006 | |
| OFFENSE CODE (S) | 104 | | | | |

| SUMMARY OF CHARGES | Possession, Manufacture, or Introduction of a Weapon |
|---|---|

| I | NOTICE OF CHARGE (S) | | | | |
|---|---|---|---|---|---|
| A. | Advanced written notice of charge (copy of Incident Report) was given to the inmate on September 5, 2006, at 1:00 p.m., by W. Davis, Lieutenant. | | | | |
| B. | The DHO Hearing was held on September 27, 2006, at 10:40 a.m. | | | | |
| C. | The inmate was advised of his/her rights before the DHO on September 7, 2006, by T. Atkinson, Correctional Counselor, and a copy of the advisement of rights form is attached. | | | | |

| II | STAFF REPRESENTATIVE | | | | |
|---|---|---|---|---|---|
| A. | Inmate waived right to staff representative | Yes | XX | No | |
| B. | Inmate requested staff representative and N/A appeared. | | | | |
| C. | Requested staff representative declined or could not appear, but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A | | | | |
| D. | Staff representative | N/A | | | |
| E. | Staff representative statement: N/A | | | was appointed. | |

| III | PRESENTATION OF EVIDENCE | | | | | | |
|---|---|---|---|---|---|---|---|
| A. | Inmate admits | | denies | X | neither | | the charges. |

B. Summary of inmate statement:
Inmate Morales said the incident report was not true and that he did not have anything to do with the weapon. He said he did not know about the razor blade and that anyone could have put it there. Inmate Morales said he has been in the room for a year. He said he thinks someone wanted the cell and may have put it there.

| 1. | The inmate requested witness (es) | Yes | | No | XX | | |
|---|---|---|---|---|---|---|---|
| 2. | The following persons were called as witnesses at this hearing and appeared (include each witnesses' name, title, reg. number and statement as appropriate): N/A | | | | | | |
| 3. | The following persons requested were not called for the reason (s) given: N/A | | | | | | |
| 4. | Unavailable witnesses were requested to submit written statements | Yes | | No | | N/A | X |

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| C. | Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:<br>  1. Electronic mail message from C. Thompson, SIA. |
| D. | Confidential information was used by the DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: N/A |

| IV | FINDINGS OF THE DHO | | | | | | |
|---|---|---|---|---|---|---|---|
| X | A. | The act was committed as charged. | | | | | |
| | B. | The following act was committed: | Offense Code (s) | | | | |
| | C. | Summary of charges: | | | | | |
| | D. | No prohibited act was committed; expunge according to the Inmate Discipline Program Statement. | | | | | |

| V | SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (physical evidence, observations, written documents, etc.) |
|---|---|

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

R. Salazar, Lieutenant, was utilized as an interpreter.

The DHO found that on or about September 4, 2006, you committed the prohibited act of Code 104, Possession, Manufacture, or Introduction of a Weapon or Sharpened Instrument. The finding is based on the written statement of M. Taft, Correctional Officer, that on September 4, 2006, at approximately 5:43 p.m., while conducting a search of your assigned cell (B04-12), he found three suspicious packages inside a towel holder and a box cutter blade.

The DHO relied upon as evidence the electronic mail message from Ms. Thompson, which states the substance in the packages was tested with the NIK test kit E, but did not test positive for marijuana.

You denied the charge and stated you did not know anything about the weapon/sharpened instrument. You said anyone could have put it there. You said you had been in the room for approximately a year. You said you think someone wanted the room and may have put it there.

Based on the greater weight of the evidence, which is the written statement of the reporting officer, the DHO finds you committed the prohibited act of Code 104, Possession of a Sharpened Instrument. The finding is based on some facts, which is the written statement of Mr. Taft, that on September 4, 2006, he found a box cutter blade inside a towel holder. You denied the charge and stated you did not know anything about the weapon.

The DHO considered your statement, but found the statement of the reporting officer to be more credible. Specifically, Mr. Taft states he found a box cutter blade in the towel holder in cell B04-12. This was your assigned cell. You said it did not belong to you, however, the DHO believes you knew about the box cutter blade, but did not want to accept responsibility for your actions. Although you said you did not know about the weapon, it was found in the common area of the room, and you are responsible for items found in your room. It is your responsibility to ensure your room is free of contraband. Additionally, you are aware that having a weapon is not allowed as you had been incarcerated long enough to know the rules and regulations of the institution. The box cutter blade could cause serious injury to someone if used. Also, you provided no evidence that you did not know anything about the weapon. Furthermore, staff have no reason to lie about the incident.

The DHO believes the written report, and the evidence presented provides some evidence to indicate you committed the prohibited act.

You were originally charged with Code 113, Possession of any narcotic not prescribed for the individual by medical staff. After the substance was tested by the SIA and did not test positive for drugs, the charge was changed to Code 104, Manufacture or introduction of a weapon, sharpened instrument, knife, as the box cutter was also found in the cell. You received a copy of the incident report with the change on September 25, 2006.

| VI | SANCTION OR ACTION TAKEN | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Disallow Good Conduct Time | | No. of Days | 40 | Suspended | | Y/N | N | No. Days | N/A |
| Disciplinary Segregation | | No. of Days | 50 | Suspended | | Y/N | N | No. Days | N/A |
| Loss of Commissary Privileges | | No. of Days | 180 | Suspended | | Y/N | N | No. Days | N/A |
| Previously suspended sanction being executed | Yes | | | | No | XX | Report # | |

Recommendation by the DHO: Disallow Good Conduct Time - 40 days; Disciplinary Segregation - 50 days; Loss of Commissary Privileges - 180 days (effective 09-27-06).

| VII | REASON FOR SANCTION OR ACTION TAKEN |
|-----|-------------------------------------|

Possession of a weapon is prohibited by federal law. Experience has shown weapons are used in incidents of assaults and murders, thus threatening the safety of staff and inmates and the security of the institution. The sanction of disciplinary segregation for 50 days is imposed to punish you for your actions. You are sentenced under the Prison Litigation Reform Act, which requires a minimum of 40 days good conduct time to be disallowed for a 100-series act. The sanction of disallowance of 40 days good conduct time is imposed as an immediate sanction to show you that this type of offense is of a serious nature and merits serious sanctions. The sanction of loss of commissary privileges for 180 days is imposed to impress upon you that you are expected to adhere to all the rules and regulations of the institution. The DHO feels the loss of this privilege will have a more significant impact upon your future behavior. Although this sanction is not directly related to the incident, the DHO feels the loss of this privilege will have a more significant impact upon your future behavior.

| VIII | APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action, and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. |
|------|----|

|     |     | Yes | X | No |   |
|-----|-----|-----|---|-----|---|
| IX  | DISCIPLINE HEARING OFFICER |     |   |     |   |

| Printed Name | Signature | Date |
|--------------|-----------|------|
| H. Mitchell | *H Mitchell* | 11-06-06 |
| Delivered to Inmate By: | *H Mitchell* | Date   11-17-06a |

**Report delayed being delivered due to being out of the institution, as well as different incidents occurring within the institution.**

Sensitive - Limited Official Use

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __MORALES, Rafael__ _____ __59370-004__ __(B/A)__ __FCI-Talladega__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**
    MORALES, Rafael     59370-004     (B/A)     FCI-Talladega

I'm appealing the I/R No.1509381, issued by C/O Taft on 09/04/06, for alleged contraband found in my assigned cell B04-12 Beta A, and the DHO's Report and sanctions. For the follo- wing reasons the I/R and the DHO Report should be reversed and expunged: (Exhts **A** & **B**). (1) C/O Taft alleges he found 3 suspicious packages inside the towel holder and a box cutter blade. The substance was turned to Lt. Myrick who reported that two conducted tests NIK Kit E No.0237E and No.0190-6, resulted positive for marijuana. (I/R pg.1 ¶11). I DON'T USE DRUGS and I've denied all charges. Lt. J Merick's dubious marijuana reports and C/O Taft's I/R were undermined and contradicted by the report issued by SIS Lt. Thompson, which states " the substance in the packages was tested with the NIK test Kit E, **but did not test positive for marijuana.**" (DHO's Report, pg.3 ¶3). However, based on bogus charges in the I/R I was held in SHO for over three (3) months. False charges violate my due process rights. (2) To "cure" the blatant false charges imputed against me by C/O Taft and Lt. J.Myrick, on 09/25/06, DHO Mitchell approached to my assigned SHU's cell and made me sign a paper. (EXht. **C**). I didn't know what the paper says because I don't speak, read, or understand English. DHO Michetll failed to bring an interpreter to explain to me what the paper I was (please see next page please)

__November 22, 2006__          _Rafael Morales_
    DATE                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____ DATE _____

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.             REGIONAL DIRECTOR

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**                CASE NUMBER: 434888-R1

                                     CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

Page #2. Appeal to I/R No.1509381.

signing was for. This turned out to be a Memorandum changing the original incident to: "Possession, Manufacture, or Introduction of a Weapon, Sharpened Instrument, Knife (Code 104)" (Exhibit C). Because I was forced to sign this Memorandum without understanding the contents of it, and I was not fully explained in my native language "Spanish" nor translated to Spanish, this violates my due process, the Memorand is invalid, the change of the incident report is invalid, and such violations and cunning practice of the staff involved in the investigation of this report should not be condoned and the I/R as well as the DHO sanctions should be reversed and expunged.
(3) I have learned that C/O Taft received confidential information from informant(s). (See Exhibit D). I was not informed nor provided with such information. Consequently, this case was built against my upon fraud and deceit to impute wanton harm and inflict unnecessary suffering on me, all in violations of my due process and statutory rights.
(4) I need to be provided with all the information requested in my Cop-Outs (Exhibit D), to have a leverage defense. I have never seen the alleged marijuana nor the cutter blade, and I am entitled to it. I need to be provided with the name of the informant and the documents, evidence, notes, etc., upon which C/O Taft, the DHO officer, and UDC staff reached the conclusion to find me guilty on fabricated charges.
(5) I was entitled to have an "interpreter" when DHO Mitchell made me sign the Memorandum changing the charges against me. There are several staff members in this prison that speak Spanish. But because she purposely with malice intent brought this paper to make me sign, which I didn't understand, it is nulle and void, and because the change of the I/R from marijuana charges (which turned out that there wans't any marijuana but a fabricated charge and evidence) was changed to weapons in violations of my constitutional and due process rights, this I/R should and the DHO's Report and sanctions be reversed and expunged.
RELIEF REQUESTED: That the Incident Report (I/R) and the DHO report and sanctions be reversed and expunged, and that an investigation be conducted on the officers that fabricated this evidence and purpose violated BOP rules and regulations and my due process and constitutional rights.

Submitted and mailed this 22th day of November, 2006

Rafael Morales
#59370-004 (B/A)
FCI Talladega
PMB 1000
Talladega, AL 35160


07 2341

**FILED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Regional Administrative Remedy Appeal No. 434888-R1
PART B - RESPONSE

This is in response to your Regional Administrative Remedy Appeal receipted November 28, 2006. You appeal the actions of the Discipline Hearing Officer (DHO) on September 27, 2006, finding you committed the prohibited act of Possession of a Weapon, Code 104. You request the incident report be expunged and an investigation be conducted on the staff that fabricated this evidence.

On review it appears the DHO substantially complied with Bureau regulations, based the decision on the greater weight of the evidence, and imposed appropriate sanctions. First, you complain the DHO erroneously changed the charge and forced you to sign a memorandum acknowledging this change. Program Statement 5270.07, Inmate Discipline and Special Housing Units, Chapter 7, Page 5, states the DHO may find you committed the prohibited act charged and/or a similar prohibited act if the description of the act is reflected in the incident report. Section 11 of the incident report clearly reflects a box-cutter blade (weapon) was found in your cell. Additionally, you failed to provide any information reflecting you had been forced to sign any documents. Had you not understood what you were signing as you contend, you were not obligated to, nor should you have signed the form. Further, you were provided 24 hours to prepare a defense against the charge of Code 104. Second, you contend confidential information was utilized in this case and you were not provided with this information. Review of the discipline packet revealed no confidential information was utilized in this case and this is evidenced in Section III, Part D, of the DHO report. Finally, you complain you were not provided all of the documents you requested. Review of the discipline packet revealed you did not request any documents at any level of the discipline process. Additionally, the cop-out you reference in your Regional Administrative Remedy Appeal was not generated until two months after the DHO hearing had been completed. The time to raise a defense of the charges against you is at the time of your hearing. We find the DHO outlined in detail the evidence utilized to find you committed the prohibited act and the reasons she did not believe your defense. We concur with the DHO's interpretation of the incident.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

07 2341
FILED

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

12-13-06
_____
Date

Regional Director, SERO

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
ments must be submitted with this appeal.

From: <u>MORALES, Rafael</u>                    <u>59370-004</u>              <u>B/A</u>        <u>FCI-Talladega</u>
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT         INSTITUTION

**Part A—REASON FOR APPEAL**

This is to appeal the Regional Director's (SERO) response dated 12/13/06, received in the War-
den's Office on 12/21/06, and delivered to me on 12/30/06. MY appeal entails the decision ma-
king of the Discipline Hearing Officer (DHO) in her Report of 09/27/06, finding I committed
the prohibited act of possession of a weapon, Code 104; the actions of C/O Taft, who wrote the
Incident Report (I/R) #1509381, on 09/04/06, stating he found me in possession of marijuana in
violation of Code 113; and the actions of Lt. Myrick, who stated he tested "twice" the subs-
tance found in my assigned cell; and it "twice" tested positive for marijuana.
This case is a pathetic violation of my due process and constitutional rights, based on concoc-
ted charges againt me by incumbents at FCI-Talladega, and SERO's response fails to acquiesce
that such violations of my rights exist here, hence, because I'm entitled to have a decision
based on the real and true facts of this case, I'm appealing to you requesting a proper and
clear investigation of this fabricated case, tainted with many flaws and questionable actions
of these incumbents that shall not be condoned by their superiors, and upon an unbias inves-
tigation, the charges and sanctions imputed against my in the DHO's Report and in the I/R be
expunged in its totality.  For purpose of this appeal, I hereby adopt <u>in toto</u> all facts, sta-
tements, and arguments I have raised and presented in my appeal filed on Nov.22/06, in SERO's
office. (Continued in next page).

<u>January 5, 2006</u>
    DATE                              *RAFAEL MORALES*
                                  SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

07 2341

**FILED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    DATE                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: *434888-A1*

**Part C—RECEIPT**

                                     CASE NUMBER:

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT         INSTITUTION

SUBJECT: _____

    DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL          BP-DIR-11
                                                      April 1982

Page #2. BP-11 Appeal for Case No.434888-R1. MORALES, Rafael, Reg.#59370-004 FCI-Talladega

**A.**   SERO states that his review finds the DHO "substantially complied with Bureau regula-
tions, based on the greater weight of the evidence, and imposed appropriate sanctions." Here,
the record speaks for itself.. Fist, there is no evidence that DHO actually complied with
Bureau regulations because the marijuana charges were and had been, at all times, the "greater
weight of the evidence." This was the reason for C/O Taft, and Lt. Myrick's reasons to write
the I/R for Code violation 113, only. Had the alleged weapon been "the greater weight of
the evidence," it's logical common sense that they'd had written the I/R for Code violation
104(Weapon), and not for Code 113(Marijuana). Second, as the record shows, the only reason
to swiftly change the "greater weight of the evidence" from marijuana to weapon, was because
the testimony from C/O Taft in collusion with Lt. Merick that the "substance found in my
assigned cell was 'marijuana'", was disproved by the testimony of Lt. Thompon, who sent an
e-mail to DHO denying that C/O Taft and Lt. Myrick's testimony was true, and that the alleged
substance found in my cell--which they said was "marijuana"--did not test positive for mari-
juana.

**B.**   SERO states that PS 5270.07, Chapter 7,pg.5, allows DHO to find I committed the prohibi-
ted act charged and/or a similar prohibited act if the description of the act is reflected
in the I/R. PS. 5270.07, is simply a "guideline", it doesn't overrule my due process and
constitutional rights to be found guilty of a prohibited act based on truthful and accurate
information and evidence. Moreover, SERO is misreading PS. 5270.07, and DHO doesn't have
the authority to apply PS. 5270.07 at her whim just to cover-up the questionable behavior
of her co-workers. They have here a problem of Semantics. What similar act can exist between
"marijuana" and "weapon"? Had marijuana been considered similar to weapon, the Codes of Federal
Regulations, 28 CFR §541.13 would have established that Code 113(marijuana) also applies
for Weapons. Had the incumbents that wrote the incident report wanted charge me with weapon
also, they were required to be specific that the I/R clearly and unambiguously shows in BOX
9, that I was both accused of Code 113(marijuana) **and** 104(Weapon). This didn't happen, and
the impermissible construction of the I/R in a manner that is improper, fraudulent and unconst
that violates also 18 USC §1001, is to be reversed as a matter of law. **C.** SERO states that
I failed to provide evidence that I was forced to sign any documents [meaning the Memorandum
of 09/20/06]. SERO fails to articulate "what kind of evidence" he requires me to provide
in order show that I was forced to sing this Memo.  When DHO Mitchell came to my cell in
SHU, I was asleep, she banged hardly at the door, I woke up startled, she was yelling incom-
prehensible words while shoving a paper thru the door's slot. I was confused & didn't unders-
tand her, she motioned with her hand ordering me to sign it. I thought it was to release
me from SHU, because Lt. Salazar had come days before to tell me that the marijuana charges
were dropped and I'll soon be release from SHU. This was a premeditated trickery. The paper
that DHO made me sign was the infamous Memo of 9/20/06, changing the charges in the I/R.
DHO was fully aware that I'm maladroit in English. DHO knew that an interpreter was present
for my UDC hearing on 9/7/06; and for my DHU hearing on 9/27/06. However, DHO knowingly and
intentionally failed to bring an interpreter to translate the Memo to me before I sign it.
Had I known the contents of the Memo, I'd have never sign it. The Memo was fraud to cover-
up the unlawful submission of the false I/R. Moreover, the "INMATES RIGHTS AT DISCIPLINE
HEARING," fails to inform me I've rights to interpreter at all stages of the I/R's & DHU
procedure. Since this federal document fails to inform me of all of my rights, I couldn't
have waived a right I'm not aware of. Nor was this Memo translated (typed) to Spanish as
an alternative to the absence of the translator. See 28 USC §1827. I've never waived my right
to have an interpreter at all times in this case.  **D.** I wans't aware that C/O Taft & C/O
Hines received information from a C/I to search my cell. I became aware of this evidence
only **after** I was released from SHU, and when several inmates from B/A Unit told me that these
2 C/O's had gone straight to my cell, after C/O Hines came from B/B Unit, gloves on hands.
Obviously, this wasn't a "random search", but a pre-fabricated case, and it this is not true,
then the incumbents in this prison need to explain why they have failed,
hitherto, to respond to my various requests. Hence, I couldn't have requested ant documents
at any level of the disciplinary process related to this evidence, because the incumbents
failed to inform me that a C/I was involved. I wasn't in my cell when the search took place,
and I didn't know but until and after I was released from SHU of what events took place and
transpired during the search of my cell and subsequent aftermath.
Based upon the foregoing, my appeal should be granted. Thank you.

Administrative Remedy No. 434888-A1
Part B - Response

You appeal the September 27, 2006, decision of the Discipline
Hearing Officer (DHO) in which you were found to have committed
the prohibited act of Possession, Manufacture, or Introduction of
a Gun, Firearm, Weapon, Sharpened Instrument, Knife, Dangerous
Chemical, Explosive or Any Ammunition (code 104).  You maintain
the incident report should be expunged claiming you did not
receive fair notice of the charge.

Our review of your disciplinary proceedings indicates substantial
compliance with Program Statement (PS) 5270.07, _Inmate Discipline
and Special Housing Units_.  We reviewed the evidence and found
the DHO's decision was reasonable and based upon the greater
weight of the evidence as detailed in Section V of the DHO
report.  Our review revealed staff substantially respected and
preserved your Due Process rights, adhered to the required
disciplinary procedures, and imposed appropriate sanctions as
identified in Chapter 4 of the PS.  In contrast to your
statements, your lack of understanding of the charge is without
merit.  We note, you did not present any evidence indicating how
the discipline process hampered your ability to defend yourself
against the charge.  Rather, the record shows the investigation
of the incident was delayed until a translator was available.

While you deny the charge presented to the DHO, your claims were
considered, as were the statements provided by staff.  We found,
however, your denial of responsibility carries insufficient
weight to vindicate you.  The weapon for which you were held
responsible was found in the common area.  As such, and being
responsible for the contents of your assigned cell, we find the
charge was appropriately applied.  We concur with the DHO
decision you committed the prohibited act.

Accordingly, your appeal is denied.

March 19, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

07 2341
FILED

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

## U.S. DEPARTMENT OF JUSTICE

### FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. Mark Taft, Correctional Officer | DATE: 11/12/06 |
|---|---|
| FROM: Rafael Morales | REGISTER NO.: 59370-004 |
| WORK ASSIGNMENT: Orderly | UNIT: B/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

It has come to my knowledge that on Sept/4/06, while you were working in Beta A Unit, C/O Hines who has working in Beta B Unit, came to you to provide you information she received from an informant that there was contraband in my assigned cell B04-12. You wrote me an Incident Report alleging that you found 3 suspicious packages the towel holder and a box cutter blade. Pursuant to my constitutional and statutory rights, and the FOIA/PA I request you provide me with the following information: (1) name of the informant that provided Ms. Hines and you such information. (2) Was the substance you alleged to have found in cell B04-12, marijuana? (3) Where did you specifically found the alleged "box cutter blade"? (4) Copies of any and all evidence, information, notes you received from sources of information that prompted you to search my cell. Thank you. CC: Regional Director.

**NOTE:** Pursuant to, and in accordance with the procedures established in Bureau of Prisons, Program Statement 5511.07 et seq., I have a concern that requires a memorialized staff response. Please consider this submission now being filed with you as a "**GOVERNMENT DOCUMENT.**" Pursuant to Fed.R.Crim.P. Title 18 U.S.C. § 1001, et seq., any and all of your responses to this request can and will be viewed in accordance with all applicable federal criminal statutory law.

DISPOSITION:

ANY QUESTIONS OR CONCERNS ABOUT THE SUBJECT MATTER STATED ABOVE
SHOULD BE SENT TO S.I.S

**07 2341**

# FILED

DEC 2 6 2007

**NANCY MAYER WHITTINGTON**, CLERK
U.S. DISTRICT COURT

| Signature Staff Member *M. Taft C.O.* | Date 11-27-06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**INMATE REQUEST TO STAFF** CDFRM

## U.S. DEPARTMENT OF JUSTICE

**FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>Lt. J. Myrick, LIeutenant's Office | DATE:<br>11/12/06 |
|---|---|
| FROM:<br>Rafael Morales | REGISTER NO.:<br>59370-004 |
| WORK ASSIGNMENT:<br>Orderly | UNIT:<br>B/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Pursuant to my constitutional and statutory rights, I respectfully am requesting that I be provided with the following information to enable me to appeal the Incident Report No.1509381, issued by C/O Taft on 09/04/06, who allegedly found in my assigned cell marijuana and a box cutter blade: (1) Certified copy of the NIK test Kit E control number 0237E, and NIK test Kit E control number 01909-6 which resulted positive for marijuana; (2) a copy (or photocopy) of the photos taken of the alleged 3 suspicious packages and the alleged box cutter blade found in my assigned cell B04-12 (Beta/A); (3)names(s) of the informant(s) that provided the alleged information to C/O Taft to prompt him to search my assigned cell; (4) copies of all notes, documents, evidence, etc., you and DHO used to support the charges against me. Thank you. CC: CERO; Ruben Garcia, Esq.

NOTE: Pursuant to, and in accordance with the procedures established in Bureau of Prisons, Program Statement 5511.07 et seq., I have a concern that requires a memorialized staff response. Please consider this submission now being filed with you as a "**GOVERNMENT DOCUMENT.**" Pursuant to Fed.R.Crim.P. Title 18 U.S.C. § 1001, et seq., any and all of your responses to this request can and will be viewed in accordance with all applicable federal criminal statutory law.

DISPOSITION: All information Requested is to be Directed with the SIA C. thompson and SIS personell. The Lieutenant's office. Has nothing To do with this matter. All and any information Requested should go through them.

| Signature Staff Member | Date |
|---|---|
| | 11-27-06 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**INMATE REQUEST TO STAFF** CDFRM

## U.S. DEPARTMENT OF JUSTICE

### FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. C. Thompson, SIA | 11/28/06 |
| FROM: | REGISTER NO.: |
| Rafael Morales | 59370-004 |
| WORK ASSIGNMENT: | UNIT: |
| Orderly | B/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I sent a cop-out to Lt. Myrick, on 11/12/06, asking him to provide me with relevant information to challenge the I/R and HDO sanctions imputed against me. Lt. Myrick has responded on 11/27/06, directing me to address my requests to you. Please see attached copy of that cop-out for your reference. I'm adopting herein the same text and request of the cop-out sent to Lt. Myrick, and I request that you please provide me, at the earliest convenience, with the information and documents I'm asking in the attached cop-out. Thank you.

NOTE: Pursuant to, and in accordance with the procedures established in Bureau of Prisons, Program Statement 5511.07 et seq., I have a concern that requires a memorialized staff response. Please consider this submission now being filed with you as a "GOVERNMENT DOCUMENT." Pursuant to Fed.R.Crim.P. Title 18 U.S.C. § 1001, et seq., any and all of your responses to this request can and will be viewed in accordance with all applicable federal criminal statutory law.

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Ms. Hines, Correctional Officer | DATE: 11/22/06 |
|---|---|
| FROM: Rafael Morales | REGISTER NO.: 59370-004 |
| WORK ASSIGNMENT: Orderly | UNIT: B/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

It has come to my knowledge that on September 4/06, while you were working in Beta B Unit, you came to Beta A Unit to provide information to C/O Taft to go in Cell B04-12, my assigned cell, in which C/O Raft allegedly found "marijuana" and later a "box cutter blade". Pursuant to my constitutional and statutory rights, and the FOIA/PA, I request that you please furnish me with the name of the informant that you received the information from, and copies of the evidence, information, notes etc., you received from such informant, and/or the manner you learned that such alleged contraband was placed and/or found in Cell B04-12. Your timely response to this request is needed to allow me to file my appeal of the Incident Report that C/O Taft issued on 09/04/06, and the DHO's sanctions for the alleged committed act. Thank you. CC: Regional Director; Ruben Garcia, Esq.

NOTE: Pursuant to, and in accordance with the procedures established in Bureau of Prisons, Program Statement 5511.07 et seq., I have a concern that requires a memorialized staff response. Please consider this submission now being filed with you as a "**GOVERNMENT DOCUMENT**." Pursuant to Fed.R.Crim.P. Title 18 U.S.C. § 1001, et seq., any and all of your responses to this request can and will be viewed in accordance with all applicable federal criminal statutory law.

DISPOSITION: All questions need to be addressed to SIS or the SIA
C. thompson

| Signature Staff Member | Date |
|---|---|
| _Francheata E Hines_ | 12-10-06 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Ms. Thompson, SIA. Lt's Office | DATE: 11/30/06 |
|---|---|
| FROM: Rafael Morales | REGISTER NO.: 59370-004 |
| WORK ASSIGNMENT: Orderly | UNIT: B/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I sent the attached cop-out to C/O Taft on 11/28/06. He has informed me that any questions

or concerns about thus subject matter should be sent to S.I.S.

Please provide me with the information I'm requested in the attached cop-out.

Thank you.

NOTE:  Pursuant to, and in accordance with the procedures established in Bureau of Prisons, Program Statement
5511.07 et seq., I have a concern that requires a memorialized staff response.  Please consider this
submission now being filed with you as a "GOVERNMENT DOCUMENT."  Pursuant to Fed.R.Crim.P. Title 18 U.S.C.
§ 1001, et seq., any and all of your responses to this request can and will be viewed in accordance with
all applicable federal criminal statutory law.

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

## U.S. DEPARTMENT OF JUSTICE

### FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member)<br>SIS Office, Ms. C. Thompson, SIA | DATE:<br>12/11/06 |
|---|---|
| FROM:<br>Rafael Morales | REGISTER NO.:<br>59370-004 |
| WORK ASSIGNMENT:<br>Orderly | UNIT:<br>B/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

C/O HInes has informed me that I have to address my request in the attached cop-out to you.

Please provide me with the information requested in that cop-out, which [request] is

adopted herein in its totality.

Thank you.

NOTE:    Pursuant to, and in accordance with the procedures established in Bureau of Prisons, Program Statement
5511.07 et seq., I have a concern that requires a memorialized staff response.  Please consider this
submission now being filed with you as a "GOVERNMENT DOCUMENT."  Pursuant to Fed.R.Crim.P. Title 18 U.S.C.
§ 1001, et seq., any and all of your responses to this request can and will be viewed in accordance with
all applicable federal criminal statutory law.

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BMX 1330.13C
August 6, 1993
Attachment A

## Documentation of Informal Resolution Attempt

Bureau Of Prisons Program Statement No. 1330.13, Administrative Remedy Program, requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

MORALES, Rafael
_____     59370-004     B/A     FCI-Talladega
Inmates Name            Reg. No.      Unit    Institution

Specific Complaint and Requested Relief: I sent the originals of the attached cop-outs to Ms. Thompson, **SIA, Lieutenant's Office**. However, to this date, she has not responded to any of them. I timely response is required to comply with the Administrative Remedy Procedures' exhaustation before filing the grievance in court. This unnecessary and inordinary delay truncates my meaningful access to obtain a prompt relief either at BOP level or in court.

Dated this 5th day of February, 2007.
_____

Efforts Made By Inmate To Informally Resolve Grievance: See attached seven (7) cop-outs.

_____
_____
_____

Counselor's Comments: _____
_____
_____
_____
_____
_____

Counselor's Signature _____

                                    Date _____

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

*RAFAEL C. MORALES*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88880
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE    PR*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
*# 57970-004*

## DEFENDANTS

*BOP*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
T___

Case: 1:07-cv-02341
Assigned To : Bates, John D.
Assign. Date : 12/26/2007
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ⊘ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF _____
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | | PTF | DFT |
|---|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☒ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES   ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES   ☐ NO    If yes, please complete related case form.

DATE 12/26/07     SIGNATURE OF ATTORNEY OF RECORD    WCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.